Michael R. Lozeau (State Bar No. 142893)
Richard T. Drury (State Bar No. 163559)
Douglas J. Chermak (State Bar No. 233382)
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Tel: (510) 836-4200
Fax: (510) 836-4205 (fax)
E-mail: michael@lozeaudrury.com
         richard@lozeaudrury.com
         doug@lozeaudrury.com

Attorneys for Plaintiffs
FRIENDS OF MARIPOSA CREEK and
SARAH WINDSOR

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF MARIPOSA CREEK, an unincorporated association; and, SARAH WINDSOR, an individual,<br><br>          Plaintiffs,<br><br>     vs.<br><br>MARIPOSA PUBLIC UTILITY DISTRICT, a public utility district,<br><br>          Defendant. | Case No.  1:15-cv-00583-EPG<br><br><br>**CONSENT DECREE** |

**WHEREAS**, Plaintiff Friends of Mariposa Creek ("FMC") is an unincorporated

organization of citizens living in Mariposa, CA, that live adjacent to or in the vicinity of Mariposa

Creek;

**WHEREAS**, Plaintiff Sarah Windsor is an individual who lives adjacent to Mariposa Creek

downstream from the Mariposa Wastewater Treatment Facility and a member of FMC;

**WHEREAS**, Defendant Mariposa Public Utility District (the "District") is a public utility

district that provides water, wastewater, and fire protection services to the town of Mariposa,

California.  The District operates the Mariposa Wastewater Treatment Facility located at 4956 Miller

Road in Mariposa, California ("Facility").

**WHEREAS**, from January 25, 2008, through March 27, 2014, discharges from the Facility were regulated by National Pollutant Discharge Elimination System ("NPDES") Permit No. CA0079430, State Board Order No. R5-2007-0171 ("2007 NPDES Permit");

**WHEREAS**, since March 28, 2014, discharges from the Facility have been regulated by NPDES Permit No. CA0079430, State Board Order No. R5-2014-0042 ("2014 NPDES Permit");

**WHEREAS,** the Central Valley Regional Board Water Quality Control Board ("Regional Board") has issued Regional Board Order No. R5-2015-0041 ("2015 Time Schedule Order") which sets forth interim average monthly and maximum daily effluent limitations for dichlorobromomethane;

**WHEREAS**, on February 13, 2015, Plaintiffs provided the District with a Notice of Violation and Intent to File Suit ("60-Day Notice Letter" or "Notice Letter") under Section 505 of the Federal Water Pollution Control Act (the "Act" or "Clean Water Act"), 33 U.S.C. § 1365;

**WHEREAS**, on April 15, 2015, Plaintiffs filed their Complaint in the United States District Court for the Eastern District of California (*Friends of Mariposa Creek et al. v. Mariposa Public Utility District,* Case No. 1:15-cv-00583-EPG).  A true and correct copy of the Complaint, including the 60-Day Notice Letter, is attached hereto as Exhibit A and incorporated by reference;

**WHEREAS**, on February 26, 2016, Plaintiffs filed a Motion for Partial Summary Judgment as to Liability for violations of final effluent limitations contained in the 2007 NPDES Permit and the 2014 NPDES Permit;

**WHEREAS**, on April 19, 2016, the Court issued an order granting Plaintiffs' Motion for Partial Summary Judgment.  The Court found that the District was liable for 2,218 separate violations of effluent limitations for dichlorobromomethane and copper included in the 2007 and 2014 NPDES Permits.  A true and correct copy of the Court's April 19, 2016 Order is attached

hereto as Exhibit B;

**WHEREAS**, Plaintiffs and the District (hereinafter, collectively referred to as the "SETTLING PARTIES"), through their authorized representatives, have agreed that it is in the parties' mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the Complaint without further proceedings;

**WHEREAS**, this proposed Consent Decree will be submitted to the United States Department of Justice and the national and Region IX offices of the United States Environmental Protection Agency for the statutory review period pursuant to 33 U.S.C. § 1365(c) at least 45 days prior to the submittal of this Consent Decree to the Court for entry;

**NOW, THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

**COMMITMENTS OF MARIPOSA PUBLIC UTILITY DISTRICT**

1. **Compliance with Effluent Limitations in 2014 NPDES Permit.** No later than May 18, 2020, the District shall come into full compliance with the final average monthly and maximum daily effluent limitations for dichlorobromomethane and copper contained in the 2014 NPDES Permit in Table 4. The final average monthly and maximum daily effluent limitations include the following:

| Parameter | Average Monthly | Maximum Daily |
|---|---|---|
| Dichlorobromomethane | 0.56 µg/L | 1.3 µg/L |
| Copper, Total Recoverable | 6.8 µg/L | 13 µg/L |

Should any of the final maximum daily or average monthly effluent limitations for dichlorobromomethane or copper amended by any future NPDES permit issued to the District prior to the termination date of this Consent Decree, the Settling Parties agree to request the Court to

amend the limitations set forth in this paragraph to be consistent with such new effluent limitations included in a final NPDES permit and no longer subject to any administrative challenge.

**2.    Compliance with Interim Effluent Limitations.**  Until May 17, 2020, the District shall comply with the following interim average monthly and maximum daily effluent limitations for dichlorobromomethane, consistent with 2015 Time Schedule Order:

| Parameter | Average Monthly | Maximum Daily |
|-----------|-----------------|---------------|
| Dichlorobromomethane | 22 µg/L | 49 µg/L |

With respect to discharges from the Facility, compliance with the above interim effluent limitations for dichlorobromomethane through May 17, 2020, shall be deemed compliance with this Consent Decree, as approved and ordered by the Court.

**3.    Adherence to Deadlines for Compliance Project.**  By May 18, 2020, the District shall complete a Compliance Project for the Facility, which includes upgrades to tertiary treatment for the Facility.  A description of the Compliance Project is attached hereto as Exhibit C.  In addition, until the Compliance Project is completed, the District is required to submit to the Regional Board semi-annual Progress Reports that detail what steps have been implemented towards achieving compliance with the final effluent limitations for dichlorobromomethane and copper for the Facility.  The content of these semi-annual Progress Reports includes financing, construction progress, evaluation of measures implemented, and recommendations for additional measures as necessary to achieve full compliance with the 2014 NPDES Permit by May 18, 2020.  Each calendar year, within 10 days of submission of the second semi-annual Progress Report of the year, copies of both semi-annual Progress Reports shall be served on Plaintiffs.  Submission of said reports shall continue annually through the completion of the Compliance Project.  Within 30 days of the completion of installation and operation of the Compliance Project, the District shall serve Plaintiffs

a Final Compliance Report certifying to the Plaintiffs and the Court that the Compliance Project is complete and operational. No later than May 18, 2020 the District shall serve the Plaintiffs and the Court with a report certifying that the Facility is in full compliance with the effluent limitations set forth in Paragraph 1 above.

4.    **Mitigation Payment**.  In recognition of the good faith efforts by the District to comply with final effluent limits of the 2014 NPDES Permit and the Clean Water Act, and in lieu of payment by the District of any penalties, which may have been assessed in this action if it had been adjudicated through the penalty phase, the SETTLING PARTIES agree that the District will pay the sum of eighty-thousand dollars ($80,000) to the Rose Foundation for Communities and the Environment ("Rose Foundation") for the sole purpose of providing grants to environmentally beneficial projects in the Mariposa Creek watershed, downstream from the Facility and until Mariposa Creek's confluence with Duck Slough.  Payment shall be provided to the Rose Foundation as follows: Rose Foundation, 1970 Broadway, Suite 600, Oakland, CA 94607, Attn: Tim Little.  Payment shall be made by the District to the Rose Foundation within thirty (30) calendar days of the District Court's entry of this Consent Decree.  It shall be the District's obligation to request necessary W-9 tax information from the Rose Foundation.  The District shall copy Plaintiffs with any correspondence and a copy of the check sent to the Rose Foundation.  The SETTLING PARTIES hereby recommend to the Rose Foundation that all of the mitigation funds, less any administrative costs for the Rose Foundation not to exceed 10% of the project(s) cost, be directed to one or more environmentally beneficial projects in the Mariposa Creek watershed downstream from the Facility and until Mariposa Creek's confluence with Duck Slough, proposed by the Sierra Foothill Conservancy if a suitable grant application is submitted to the Rose Foundation for those projects.  The Rose Foundation shall provide notice to the SETTLING PARTIES within thirty (30) days of when the funds are dispersed by the Rose Foundation, setting forth the recipient and purpose

1   of the funds.

2       **5.   Fees, Costs, and Expenses**.  As reimbursement for Plaintiffs' investigative, expert

3   and attorneys' fees and costs, the District shall pay Plaintiffs the sum of one hundred and seventy

4   dollars ($170,000).  Payment shall be made by the District within thirty (30) calendar days of the

5   District Court's entry of this Consent Decree.  Payment by the District to Plaintiffs shall be made in

6   the form of a single check payable to "Lozeau Drury LLP," and shall constitute full payment for all

7   costs of litigation, including investigative, expert and attorneys' fees and costs incurred by Plaintiffs

8   that have or could have been claimed in connection with Plaintiffs' claims, up to and including the

9   District Court's entry of this Consent Decree.

10

11                          **EFFECT OF CONSENT DECREE**

12      **6.**   The SETTLING PARTIES agree and the Court finds that this Consent Decree

13  resolves Plaintiffs' claims for civil penalties and injunctive relief pertaining to the District's

14  violations of the effluent limitations for dichlorobromomethane and copper included in the 2007 and

15  2014 NPDES Permits alleged in Plaintiffs' Complaint attached as Exhibit A.  The SETTLING

16  PARTIES agree and the Court finds that any subsequent claims brought prior to the termination date

17  of this Consent Decree by any non-governmental entity pursuant to Section 505 of the Clean Water

18  Act, 33 U.S.C. § 1365, to enforce the effluent limitations for dichlorobromomethane and copper

19  included in the 2007 and 2014 NPDES Permits alleged in Plaintiffs' Complaint attached as Exhibit

20  A, would be redundant and unnecessary to ensuring the District's compliance with the Clean Water

21  Act.

22

23                      **FAILURE TO MEET COMPLIANCE DEADLINE**

24      **7.**   In the event the District fails to comply with the effluent limitations set forth in

25  Paragraph 1 of this Consent Decree by May 18, 2020, Plaintiffs may file a noticed motion to enforce

26  this Consent Decree with the District Court.  In addition to the District Court's powers to enforce the

terms of this Consent Decree, nothing in this Consent Decree shall preclude Plaintiffs from filing a motion with the District Court seeking to assess additional liability and civil penalties as authorized by the Clean Water Act, for any violations by the District of the dichlorobromomethane or copper effluent limitations occurring after May 18, 2020.

### MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

8.      In consideration of the above, and except as otherwise provided by this Consent Decree, the SETTLING PARTIES hereby forever and fully mutually release each other and their respective parents, affiliates, subsidiaries, divisions, insurers, successors, assigns, and current and former employees, volunteers, attorneys, officers, directors and agents from any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, actions or causes of action, either at law or in equity, which arise or could have arisen from the Complaint, including all claims for injunctive relief, damages, penalties, fines, sanctions, mitigation, fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed in the Complaint, addressing the District's violations of the dichlorobromomethane and copper effluent limitations that have occurred or will occur through May 18, 2020.

9.      The SETTLING PARTIES acknowledge that they are familiar with section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The SETTLING PARTIES hereby waive and relinquish any rights or benefits they may have under California Civil Code section 1542 with respect to any other claims against each other arising from, or related to, the allegations and claims as set forth in the Notice Letter and Complaint at the Facility through the date of entry of the Consent Decree.

10.    Plaintiffs and Lozeau Drury LLP agree that, beginning on the Effective Date and ending on May 18, 2020, they will not support other lawsuits, by providing financial assistance, personnel time or other affirmative actions, against the District, its managers, or Board members that may be proposed by other groups or individuals who would rely upon the citizen suit provision of the Clean Water Act to enforce the Facility's compliance with the effluent limitations for dichlorobromomethane and copper included in any applicable NPDES Permit for the Facility.

### TERMINATION DATE OF CONSENT DECREE

11.    Unless an extension is agreed to in writing by the SETTLING PARTIES and an order amending this Consent Decree is entered by the District Court, this Consent Decree shall terminate on the date the District completes the Compliance Project described in Paragraph 3 above, and comes into full compliance with the effluent limitations contained in Paragraph 1 above for six (6) consecutive months following May 18, 2020, and the completion of any proceeding to enforce this Consent Decree, and the completion of any payment or affirmative duty required by this Consent Decree or any order enforcing this Consent Decree.

### DISPUTE RESOLUTION PROCEDURE

12.    Except as specifically noted herein, any disputes with respect to any of the provisions of this Consent Decree shall be resolved through the following procedure.  The SETTLING PARTIES agree to first meet and confer to resolve any dispute arising under this Consent Decree.  In the event that such disputes cannot be resolved through this meet and confer process, the SETTLING PARTIES may jointly request a settlement meeting before the Magistrate Judge assigned to this action.  In the event that the SETTLING PARTIES cannot resolve the dispute through meeting and conferring or by the conclusion of any settlement meeting with the Magistrate Judge jointly requested by the SETTLING PARTIES, either of the SETTLING PARTIES may seek to enforce the terms of this Consent Decree by motion to the District Court.  The prevailing party

may seek recovery of reasonable attorney fees and costs incurred in bringing any such motion, and such fees and costs shall be awarded, pursuant to the provisions set forth in the Section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d).

## JURISDICTION OVER PARTIES AND
## SUBJECT MATTER OF THE CONSENT DECREE

13.   **Jurisdiction.**  For the purposes of this Consent Decree, the SETTLING PARTIES stipulate that the United States District Court of California, Eastern District of California, has jurisdiction over the SETTLING PARTIES and subject matter of this Consent Decree.

14.   **Submission of Consent Decree to DOJ.**   Within three (3) business days of receiving all of the Parties' signatures to this Consent Decree, Plaintiffs shall submit this Consent Decree to the U.S. Department of Justice ("DOJ") and EPA for agency review consistent with 40 C.F.R. §135.5.  The agency review period expires forty-five (45) calendar days after receipt by the DOJ, evidenced by correspondence from DOJ establishing the review period.  In the event DOJ comments negatively on the provisions of this Consent Decree, the SETTLING PARTIES agree to meet and confer to attempt to resolve the issues raised by DOJ.

## GENERAL PROVISIONS

15.   **Effective Date**:  The Effective Date of this Consent Decree shall be upon the entry of the Consent Decree by the Court.

16.   **Impossibility of Performance.**  Where implementation of the actions set forth in this Consent Decree, within the deadlines set forth in those paragraphs, becomes impossible, despite the timely good faith efforts of the SETTLING PARTIES, the party who is unable to comply shall notify the other in writing within seven (7) days of the date that the failure becomes apparent, and shall describe the reason for the non-performance.  The SETTLING PARTIES agree to meet and confer in good faith concerning the non-performance and, where the SETTLING PARTIES concur

that the non-performance was or is impossible, despite the timely good faith efforts of one of the SETTLING PARTIES, the Parties shall determine whether they can stipulate to requesting an order from the District Court amending the deadline.  In the event that the SETTLING PARTIES cannot timely agree upon the terms of such a stipulation, either of the SETTLING PARTIES may submit the dispute to the District Court.

17.   **Force Majeure.**  No Party shall be considered to be in default in the performance of any of its obligations when a failure to perform is due to a "Force Majeure."  A Force Majeure event is any act of God, war, fire, earthquake, flood, and restraint by court order or public authority.  A Force Majeure event does not include normal inclement weather or inability to pay.  Any Party seeking to rely upon this paragraph shall have the burden of establishing that it could not reasonably have been expected to avoid, and which by exercise of due diligence has been unable to overcome, the Force Majeure.

18.   **Construction.**  The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined by law and the Clean Water Act or specifically herein.

19.   **Correspondence.**  All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by regular, certified, overnight mail, or e-mail as follows:

| If to Plaintiffs: | Sarah Windsor | Copy to: | Michael R. Lozeau |
|---|---|---|---|
| | Friends of Mariposa Creek | | Douglas J. Chermak |
| | PO Box 723 | | Lozeau Drury LLP |
| | Mariposa, CA 95338 | | 410 12th Street, Suite 250 |
| | (209) 966-2408 | | Oakland, CA 94607 |
| | | | (510) 836-4200 |
| | mariposacreek@sti.net | | michael@lozeaudrury.com |
| | | | doug@lozeaudrury.com |

| If to the District: | Mark Rowney | Copy to: | Neal Costanzo |
|---|---|---|---|
| | General Manager | | Costanzo & Associates |

| | |
|---|---|
| Mariposa Public Utility District | 575 E Locust Ave., Ste. 115 |
| 4992 Seventh Street | Fresno, CA 93720 |
| Mariposa, CA 95338 | (559) 261-0163 |
| (209) 966-2515 | |
| mpud@sti.net | ncostanzo@costanzolaw.com |

Notifications of communications shall be deemed submitted on the date that they are e-mailed, postmarked and sent by first-class mail, or deposited with an overnight mail/delivery service.  Any change of address or addresses shall be communicated in the manner described above for giving notices.

     **20.**     **Counterparts.**  This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document.  Telecopied, scanned (.pdf), and/or facsimiled copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

     **21.**     **Assignment**.  Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the SETTLING PARTIES, and their successors and assigns.

     **22.**     **Modification of the Consent Decree.**  This Consent Decree, and any provisions herein, may not be changed, waived, or otherwise amended except by order of the District Court.

     **23.**     **Full Settlement.**  This Consent Decree constitutes a full and final settlement of this matter.  It is expressly understood and agreed that the Consent Decree has been freely and voluntarily entered into by the SETTLING PARTIES with and upon advice of counsel.

     **24.**     **Integration Clause.**  This is an integrated Consent Decree.  This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the SETTLING PARTIES and expressly supersedes any and all prior oral or written agreements covenants, representations and warranties (express or implied) concerning the subject matter of this Consent Decree.

1

2

3

4

5

      25.   **Authority.**  The undersigned representatives for Plaintiffs and the District each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.  The SETTLING PARTIES hereby enter into this Consent Decree, Order and Final Judgment and submit it to the Court for its approval and entry as a final judgment.

6

7

8

| MARIPOSA PUBLIC UTILITY DISTRICT | FRIENDS OF MARIPOSA CREEK |
|---|---|

9

10

11

12

| | |
|---|---|
| By: | By: |
| Name:  Larry Enrico | Name:  Sarah Windsor |
| Title:  Chairman of the Board | Title:  Founder, Member |
| Date: | Date: |

13

14

**MARIPOSA PUBLIC UTILITY DISTRICT**

15

16

17

By: _____

Name: __Mark Rowney_____

Title: _Clerk Ex Oficio, Secretary of the Board of Directors__

Date: _____

18

19

20

Approved as to form:

                                          **LOZEAU DRURY LLP**

21

22

23

Date: _____          By: _____

                                          Douglas J. Chermak

                                          Attorneys for Plaintiffs

                                          FRIENDS OF MARIPOSA CREEK and SARAH WINDSOR

24

25

                                          **COSTANZO AND ASSOCIATES**

26

27

28

Date: _____          By: _____

                                            Neal Costanzo

                                          Attorney for Defendant

                                          MARIPOSA PUBLIC UTILITY DISTRICT

**Order**

The Court finds that the provisions of the parties' Consent Decree, a fully executed copy of which is located on the docket as ECF No. 80, are fair and adequate. The provisions therein are hereby approved and the Court will retain jurisdiction of the case for the term of the Consent Decree. The Clerk of the Court is DIRECTED to close this action subject to reopening based on the terms of the Consent Decree.

IT IS SO ORDERED.

Dated:   **November 30, 2016**          /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

[PROPOSED] CONSENT DECREE

13

1:15-cv-00583-EPG

{00014756.DOCX;1}